# EXHIBIT A

Case 1:22-cv-05590-PGG   Document 1-1   Filed 06/30/22   Page 1 of 12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
A.F.N., by her Parent and Natural Guardian,
DINORAH NOUEL-PEGUERO,

                          Plaintiff,

      -against-

MONTEFIORE MEDICAL CENTER, YASH CHAVDA, M.D., CHRISTOPHER CAVAGNARO, M.D., and EVA RYNJAH, M.D.,

                          Defendants.
------------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates
BRONX County
as the place of trial

Basis of the venue is
Defendant's principal place
of business

**SUMMONS WITH NOTICE**

Plaintiff resides at 2315 N. Loring Place, #3, Bronx, NY 10468

**TO THE ABOVE-NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       December 5, 2019

**DEFENDANTS' ADDRESSES**

**MONTEFIORE MEDICAL CENTER**
**111 E. 210th Street**
**Bronx, New York 10467**

**YASH CHAVDA, M.D.**
**3415 Bainbridge Avenue**
**Bronx, NY 10467**

**CHRISTOPHER CAVAGNARO, M.D.**
**3415 Bainbridge Avenue**
**Bronx, NY 10467**

**EVA RYNJAH, M.D.**
**105 West 188th Street**
**Bronx, NY 10468**

MICHELSTEIN & ASHMAN, PLLC

_____
By: RICHARD A. ASHMAN, ESQ.
Attorneys for Plaintiff
485 Madison Avenue, Suite 1600
New York, New York 10022
(212) 588-0880

**Notice:** The object of this action is medical malpractice.
**The relief sought is as follows:** money damages in a sum exceeding the jurisdictional limits of any other court which would have jurisdiction over this action, together with interest, costs and disbursements of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------
A.F.N., by her Parent and Natural Guardian,
DINORAH NOUEL-PEGUERO,

                                    Plaintiff,

          -vs-

MONTEFIORE MEDICAL CENTER, YASH
CHAVDA, M.D., CHRISTOPHER
CAVAGNARO, M.D., and
EVA RYNJAH, M.D.

                                    Defendants.
-----------------------------------------------------------------

**VERIFIED COMPLAINT**

Plaintiff, by and through her attorneys, MICHELSTEIN & ASHMAN, PLLC, as and for her Complaint against the defendants, and each of them, respectfully allege upon information and belief, and at all times hereafter mentioned, as follows:

### THE PARTIES

1. That at all times herein relevant the plaintiff, A.F.N. (also referred to herein as Infant-Plaintiff), a minor, by and through DINORAH NOUEL-PEGUERO, as Parent and Natural Guardian of A.F.N., are residents of the County of The Bronx and the State of New York.

2. That upon information and belief, at all times herein relevant, Defendant YASH CHAVDA, M.D., was a physician duly licensed to practice medicine in the State of New York and worked in the Emergency Room at defendant MONTIFIORE MEDICAL CENTER (hereinafter "MONTEFIORE") Children's Hospital at Montefiore Emergency Department in the County of The Bronx, State of New York, located at 3415 Bainbridge Avenue, The Bronx, New York 10467.

3. At all times herein mentioned, Defendant, YASH CHAVDA, M.D. held himself out to be a physician offering professional services to the general public, and to the infant plaintiff, A.F.N. in particular.

4. At all times herein mentioned Defendant YASH CHAVDA, M.D., represented that he was competent to perform and render all the medical care, treatment, services and advice required by the infant plaintiff, A.F.N.

5. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant YASH CHAVDA, M.D., was an employee of MONTEFIORE.

6. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant YASH CHAVDA, M.D. was an agent of MONTEFIORE.

7. At all times mentioned herein, defendant YASH CHAVDA, M.D. and defendant MONTEFIORE, stood in such a relationship with each other in their care and treatment of the infant plaintiff A.F.N. as to make MONTEFIORE liable for the acts and omissions of this Defendant.

8. From on or about August 5th 2018 and continuously to on or about August 6th 2018, infant plaintiff sought the professional care of Defendant, YASH CHAVDA, M.D. for certain medical complaints including, traumatic laceration of her finger, from which she was suffering and this defendant rendered medical care, diagnosis treatment and services to the infant plaintiff.

9. That upon information and belief, at all times herein relevant, Defendant CHRISTOPHER CAVAGNARO, M.D., was a physician duly licensed to practice medicine in the State of New York and worked in the Emergency Room at defendant MONTIFIORE at Children's Hospital at Montefiore

Emergency Department in the County of The Bronx, State of New York, located at 3415 Bainbridge Avenue, The Bronx, New York 10467.

10. At all times herein mentioned, Defendant, CHRISTOPHER CAVAGNARO, M.D. held himself out to be a physician offering professional services to the general public, and to the infant plaintiff, A.F.N. in particular.

11. At all times herein mentioned Defendant CHRISTOPHER CAVAGNARO, M.D., represented that he was competent to perform and render all the medical care, treatment, services and advice required by the infant plaintiff, A.F.N.

12. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant CHRISTHER CAVAGNARO, M.D., was an employee of MONTEFIORE.

13. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant CHRISTOPHER CAVAGNARO, M.D. was an agent of MONTEFIORE.

14. At all times mentioned herein, defendant CHRISTOPHER CAVAGNARO, M.D. and defendant MONTEFIORE, stood in such a relationship with each other in their care and treatment of the infant plaintiff A.F.N. as to make MONTEFIORE liable for the acts and omissions of this Defendant.

15. From on or about August 5th 2018 and continuously to on or about August 6th 2018, infant plaintiff sought the professional care of Defendant, CHRISTOPHER CAVAGNARO, M.D. for certain medical complaints including, traumatic laceration of her finger, from which she was suffering and this defendant rendered medical care, diagnosis treatment and services to the infant plaintiff.

16. That upon information and belief, at all times herein relevant, Defendant EVA RYNJAH, M.D., was a physician duly licensed to practice medicine and in the

State of New York and maintained an office for the practice of her profession in the County of The Bronx, State of New York, at Defendant MONTEFIORE, at University Avenue Family Practice MG Pediatrics located at 105 West 188th Street, The Bronx, New York 10468.

17. At all times herein mentioned, Defendant, EVA RYNJAH, M.D. held herself out to be a physician offering professional services to the general public, and to the infant plaintiff, A.F.N. in particular.

18. At all times herein mentioned Defendant EVA RYNJAH, M.D., represented that she was competent to perform and render all the medical care, treatment, services and advice required by the infant plaintiff, A.F.N.

19. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant EVA RYNJAH, M.D., was an employee of MONTEFIORE.

20. At all times herein mentioned and at the time of the occurrences herein, and upon information and belief, the defendant EVA RYNJAH, M.D. was an agent of MONTEFIORE.

21. At all times mentioned herein, defendant EVA RYNJAH, M.D. and defendant MONTEFIORE, stood in such a relationship with each other in their care and treatment of the infant plaintiff A.F.N. as to make MONTEFIORE liable for the acts and omissions of this Defendant.

22. From on or about August 15th 2018 and continuously to on or about October 22nd 2018, infant plaintiff sought the professional care of Defendant, EVA RYNJAH, M.D. for certain medical complaints including, traumatic laceration of her finger, from which she was suffering and this defendant rendered medical care, diagnosis treatment and services to the infant plaintiff.

23. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, MONTEFIORE, was and still is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business at 111 East 210th Street, Bronx, New York, 10467, County of Bronx, City and State of New York

24. That upon information and belief, at all times relevant herein, Defendant, MONTEFIORE, owned, operated, controlled and managed both a hospital known as Children's Hospital at Montefiore located at 3415 Bainbridge Avenue, The Bronx, New York 10467, and an outpatient pediatric clinic known as University Avenue Family Practice MG Pediatrics located at 105 West 188th Street, The Bronx, New York 10468 pursuant to the laws of the State of New York, which provided personnel, including residents, nurses, doctors, attendants and others for the care and treatment of its patients and which held itself out to the public, including the infant plaintiff, as a hospital and outpatient pediatric clinic qualified and capable of rendering services with the skill and knowledge possessed by and required of hospitals and outpatient pediatric clinics in the community.

25. From on or about August 5th 2018 and continuously to on or about October 22nd 2018 and thereafter, infant plaintiff sought the professional care of Defendant, MONTEFIORE. for certain medical complaints including, traumatic laceration of her finger, from which she was suffering and this defendant rendered medical care, diagnosis treatment and services to the infant plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION**

26. That the defendants, and each of them, deviated from accepted standards of good medical custom and practice in the treatment of the infant plaintiff and

committed negligence and medical malpractice by, among other things, failing to timely diagnose and treat lacerations of the tendons in infant plaintiff's left 5th digit, which acts and or omissions were a substantial factor and proximate cause of the severe and serious and permanent personal injuries and complications sustained by infant plaintiff, A.F.N.

27. By reason of the foregoing, infant plaintiff sustained severe and serious personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, and was caused to suffer severe physical pain and mental anguish as a result thereof; and infant plaintiff was caused to incur hospital and/or medical expenses, all due to the negligence and malpractice of the defendants, and each of them, their agents, servants, affiliated physicians, medical personnel and/or employees.

28. As a result of all of the foregoing, infant plaintiff A.F.N. has been damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

## STATEMENT REGARDING EXCEPTIONS IN CPLR §1602

29. One or more exceptions in CPLR §1602, including but not limited to subsection 2(iv) and 7 are applicable to all causes of action and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and *realleges each and every allegation* set forth above with the same force and effect as if more fully set forth at length herein.

31. Defendant, MONTEFIORE was negligent in hiring and supervising medical personnel who were careless, unskillful negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

32. By reason of the above, infant plaintiff A.F.N. has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

33. As a result of all of the foregoing, infant plaintiff A.F.N. has been damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiffs demands judgment against Defendants, one, some, or all of them, on all causes of action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this action, together with interest, costs, and disbursements of same as allowed by law.

DATED:  New York, New York
        December 5, 2019

_____
Michelstein & Ashman, PLLC
Attorneys for the Plaintiffs
By: Richard A. Ashman, Esq.
485 Madison Avenue, 16th Floor
New York, New York, 10022
(212) 588-0880

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows that affirmant is the attorney for the plaintiff(s) in the within action, that deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this verification is made by affirmant and not by plaintiff is that plaintiff is not a resident of the County in which affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Documents in affirmant's file and conversations with plaintiff.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED:   New York, New York
         December 5, 2019

                                        _____
                                        RICHARD A. ASHMAN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X   Index No.:

A.F.N., by her Parent and Natural Guardian,
DINORAH NOUEL-PEGUERO,

            Plaintiff,                          **CERTIFICATE OF MERIT**

-against-

MONTEFIORE MEDICAL CENTER, YASH
CHAVDA, M.D., CHRISTOPHER
CAVAGNARO, M.D., and
EVA RYNJAH, M.D.,

            Defendants.

----------------------------------------X

    I, RICHARD A. ASHMAN, as an Attorney of the firm of MICHELSTEIN & ASHMAN PLLC, attorneys for the plaintiff herein, do hereby certify that I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice medicine and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       December 5, 2019

                                    MICHELSTEIN & ASHMAN, PLLC

                                    By: _____
                                    RICHARD A. ASHMAN, ESQ.
                                    Attorneys for Plaintiff
                                    485 Madison Avenue, 16th Floor
                                    New York, New York 10022
                                    (212) 588-0880